UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

James Bigham, John Quarnstrom, Robert Vranicar,
Jim Bowman, Mike McCauley, and Matt Fairbanks
as Trustees of the Sheet Metal Local #10 Control
Board Trust Fund, and the Sheet Metal Local #10
Control Board Trust Fund,

        Plaintiffs,

vs.

Aldo, Inc.,

        Defendant.

Civil File No. _____

**COMPLAINT**

---

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1.    The Plaintiffs are James Bigham, John Quarnstrom, Robert Vranicar, Jim Bowman, Mike McCauley, and Matt Fairbanks as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2.    As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor Agreement as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor Agreement. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor Agreement.

3.     The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4.     Defendant Aldo, Inc. ("Aldo") is a Minnesota business corporation engaged in the plumbing and heating industry with the registered address of 17422 Minnetonka Boulevard, Minnetonka, Minnesota.   Aldo is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5.     This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.     The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

7.     The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8.      At all times material herein, Aldo agreed to be bound to the terms of two Collective Bargaining Agreements, one between the Residential Division of the Roofing and Air Conditioning Contractors Association. ("SMARCA") and the Sheet Metal Workers Local #10 and the other between the Commercial Division of SMARCA and the Sheet Metal Workers Local #10 ("Collective Bargaining Agreements").

9.      Aldo continues to be bound to the Collective Bargaining Agreements.

10.     The Collective Bargaining Agreements require Aldo to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreements for each hour worked employees covered by the Collective Bargaining Agreements.

11.     The Collective Bargaining Agreements incorporate by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

12.     The Collective Bargaining Agreements require Aldo to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Aldo's monthly payment.

13.     The Collective Bargaining Agreements and the Trust Agreement require Aldo to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due and provides that any employer whose report and contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

14.    The Collective Bargaining Agreements and the Trust Agreement state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month.  However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

15.    The Collective Bargaining Agreements and Trust Agreement states that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

16.    The Collective Bargaining Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

<u>COUNT I</u>
<u>Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA</u>

17.    The Control Board re-alleges and incorporates by reference paragraphs 1-16 herein.

18.    Aldo breached the terms of the Collective Bargaining Agreements by failing to timely submit the remittance reports and contributions for the month of September 2012.

19.    Pursuant to the remittance reports untimely submitted by Aldo for the month of September 2012, $11,308.39 is due and owing to the Control Board for

4

delinquent fringe benefit contributions.

20.     Upon information and belief, Aldo continues to employ individuals performing work covered by the Collective Bargaining Agreements for whom contributions will become due and owing throughout the pendency of this litigation.

21.     Every month, until this matter is resolved either through dismissal or judgment, Aldo will be required to submit remittance reports and payment for the fringe benefit contributions due per the hours disclosed pursuant to the Collective Bargaining Agreements.

22.     If Aldo fails to remit its calculation on or before the tenth day of the month following the month in which work was performed during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of such contributions to Aldo's employees.

23.     In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

24.     Aldo should be enjoined from further refusal and failure to remit calculations and contributions.

## COUNT II
## ERISA Damages

25.     The Control Board re-alleges and incorporates by reference paragraphs 1-24 herein.

26.     Aldo is liable to the Control Board for liquidated damages in the amount of twenty percent of the delinquent contributions due and owing for the month of September 2012 and any other month that becomes due throughout the pendency of

this litigation pursuant to the Collective Bargaining Agreements and Trust Agreement.

27.     The Control Board is also entitled to liquidated damages under ERISA §
502(g), 29 U.S.C. § 1132(g).

28.     Liquidated damages for the month of September 2012 total $2,261.68.

29.     Aldo is liable for any attorneys' fees incurred and costs incurred by the
Control Board in the collection of contributions pursuant to the terms of the Collective
Bargaining Agreements and Trust Agreement.

30.     The Control Board is also entitled to attorneys' fees and costs incurred in
this action under ERISA § 502, 29 U.S.C. § 1132.

31.     The Control Board is entitled to interest charges on unpaid contributions
pursuant to the Trust Agreement.

32.     Aldo is also liable for interest charges on any unpaid contributions under
ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant
Aldo, Inc. as follows:

1.     For judgment in the amount of $13,570.07 for delinquent contributions and
liquidated damages due and owing to the Control Board for the month of September
2012.

2.     For an order requiring the Defendant to submit to Plaintiffs all remittance
reports which become due throughout the pendency of this litigation, accurately and
completely identifying all hours worked by its employees.

3.    For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4.    For an award of costs, disbursements and attorney fees according to law.

5.    Such other and future relief as the Court deems just, equitable or proper.


Date: November 2, 2012                MCGRANN SHEA CARNIVAL
                                      STRAUGHN & LAMB, CHARTERED

                                      By _____
                                          Carl S. Wosmek #300731
                                          Amy L. Court #319004
                                      800 Nicollet Mall, Suite 2600
                                      Minneapolis, MN 55402
                                      Telephone: (612) 338-2525

                                      *Attorney for Plaintiffs*


640466.DOCX